We have for today, Gallimore v. Attorney General No. 08-3379, Ms. Dabrashi and Ms. Klatt. May it please the Court, I represent the appellant, Earl Woodrow Gallimore. This petition for review was filed on his behalf based on a final order of removal issued by the Board of Immigration Appeals. In its decision on July 9, 2008, the BIA affirmed the judge's order of removal. However, it did not rely on the immigration judge's analysis of the case. Essentially, the BIA made a legal conclusion that Mr. Gallimore adjusted his status in 1996 without providing any analysis. Actually, to some extent, maybe, how much time did you reserve for rebuttal? Five minutes. That's fine. Why don't we deal with a lot of that on rebuttal and maybe just deal with you now, because there's things we're going to ask the government that really will then fit in terms of what you're saying on the first part of the argument. Sure. If I could work backwards just a little bit with you. Okay. The statute of limitations argument, was that raised before the BIA? I don't believe it was, Your Honor, no. So how can we review it? Really, I'm not making a statute of limitations argument. I've made it as the second argument in the instance that this court finds that Mr. Gallimore adjusted his status in 1996. Actually, Mr. Gallimore was charged by the notice to appear that the Department of Homeland Security filed in 2006, that he had adjusted his status to that of a lawful permanent resident in 1994 and that he was convicted in 1995. He was not inadmissible for being deportable at the time of his adjustment of status based on a drug-related conviction. If we're relying on 1994, as you say, don't we have to – isn't there two things that need to be done, only one of which we can do? First, there'd need to be a determination that the event in September of 1993 didn't amount to an arrest, right? So we know from the transcript before the IJ that it appears he had his Miranda warnings, he wasn't sure exactly what was going on. Page 406 of the transcript suggests in the judgment and conviction that he spent six days in jail, four of which were in September of 1993. So it would appear there's a question of law as to whether there's an arrest. And then also with regard to 1994, there's a question of the conditional lawful permanent resident versus lawful permanent resident and whether those under the law are really equivalent. So those are two hurdles that have to be overcome, and we can't resolve the question of whether there was an arrest, can we? No, we can't. That's something that should be resolved at an evidentiary hearing. The issue first came up in the brief that the Office of Immigration and Litigation submitted to this court about his detention, at least, for three or four days in September 1993. So that wasn't something that was brought up in immigration court during the evidentiary hearing. There was an issue about an arrest, definitely. So in order for us to come to the determination that you want us to come to, and that is that the conditional lawful permanent resident status means something, the question of whether an arrest occurred has to be resolved. So in essence, you're asking us to remand the case so that that issue can be resolved? Essentially, because I don't – the BIA stated something that, to me, seems legally incorrect. Which is? Which is that Mr. Gallimore adjusted his status in 1996, and really, Mr. Gallimore was charged – That was just the conclusion, right? I mean, there was no analysis over whether it was 94 or 96, right? There was none, correct. However, the entire decision is based on that conclusion. And really, the crux of the entire decision you can find on page 3, the bottom of the second to last paragraph. And I can read it because I think it really covers everything in a few sentences. Page 3 of the opinion? Sorry, page 3 of the joint appendix. Oh, I see. Volume 1? Oh, I see. I'm there. Go ahead. And what it says is, because the Respondent or Mr. Gallimore's 1995 conviction was sufficient, without more to preclude his 1996 adjustment of status from being considered lawful within the meaning of former Section 212C, we need not decide at this time whether, at the time of his adjustment, the Respondent was also inadmissible for willfully misrepresenting a material fact. So they declined to decide whether or not he was inadmissible for willfully misrepresenting a material fact because the BIA believed that he had been convicted in 1994. Therefore, he was already inadmissible because of the conviction in 1996. So they never go into that. Can I ask you a question on that? Obviously, the crux of your argument is, look, the BIA decided this on a basis that kind of took everybody by surprise. Right. Under those circumstances, are you required to stay before the BIA and ask that they reconsider their decision? Because we don't have anything to go on. All we can do is, I guess your best case is we remand it. I think this case should be remanded. But should we be requiring parties to fully exhaust their administrative remedies so by the time it gets to us, we don't have to kick it back? In other words, should you have moved to reconsider the decision? Okay. At the time, I was not the attorney of record before the BIA. So for practical reasons, it can be difficult to do that when you don't have an entire record within the 30 days to move to reconsider the BIA's decision. So for practical purposes, a petition for review was submitted so that the time wouldn't lapse. I guess I'm just asking maybe your adversary can answer too. Is this a part of exhaustion of administrative remedies? So by the time we get the case, we have something we can work with. Go ahead. Well, as we know, in 1994, as I said earlier, the Department of Homeland Security charged in the notice to appear that Mr. Gallimore was admitted as a lawful permanent resident in 1994. That was lawful permanent residence on a conditional basis under Section 216 of the Act. The 1996 date is the date that the conditions were removed from his ---- Did the IG make a finding? Did the IG find that he was an LPR in 1994? Yes. Okay. The IG found that. Subject to conditions. Subject to conditions. Subject to conditions. And the conditions were removed in 1996. Right. And yet the BIA just said it's 1996 without any type of ---- Right. The IG stated the issue as being whether or not Mr. Gallimore is eligible for the 212C waiver, whether or not he was lawfully admitted as is required by 212C, based on the determination of whether or not he's admissible for willfully misrepresenting a material fact, not because of the conviction. Well, if there is indeed a distinction between the conditional LPR and LPR, then why is it important to go back to the arrest? Unless you're arguing there is no distinction. No, there's a distinction. Why is it important to go to the arrest? Well, they're charging him as having, the DHS is, as having lied about the arrest and therefore willfully misrepresented a material fact. Well, the point is there was an intervening event. I mean, there was an arrest, and ultimately, well, he pled guilty? There was an arrest in 1993. Three, and he pled guilty in 94? It's questionable whether or not it was an arrest. That's a factual question. Well, the bottom line is, okay, then ---- 1993, he was stopped by the police. He was asked questions, right. And then in 1993, he was also indicted, I believe. According to the record, it appears that the indictment was sealed. He didn't know about it. In 1994, he adjusted his status on a conditional basis. In 1995, he was ---- The indictment was sealed, but why would he not know about it? I mean, it could be sealed for the rest of the world, but why would it be sealed as to him? I can't answer that question, really, but according to what was presented before the immigration court, it was sealed and unknown to him, and the judge did not find differently that he had known about the indictment. Back to Judge Guineway's question. Why is the arrest relevant? Isn't the point that there was a conviction that he also didn't tell anyone about in ----? The arrest is relevant because if it ---- But for the arrest, he wouldn't have been charged as being inadmissible for willfully misrepresenting himself. Therefore, although he would have the charges of ---- He got conditional lawful permanent residence after the arrest but before the conviction. Is that what you're saying? Yes. Okay. So therefore, he would be deportable still, and we're not contesting that he's deportable for having committed a drug-related offense and having been convicted in 1995, but he also would be able to apply for a 212C waiver. Okay. When we hear from Ms. Clay, then we'll get you back. Thank you. Good morning. May it please the court. I'm Sharon Clay for the Attorney General. The first question is it seems to me that the BIA went off on an alternate ground, that Gallimore was not lawfully admitted for permanent residence solely by virtue of his 1995 conviction, but he was lawfully allowed to be here in 1994. Yes. He may have lied about his application, but there is something that says subject to conditions he is a lawful permanent resident. Correct, but there's a distinction between being lawfully admitted and being lawfully permanent resident, and the distinction is what the board found. Consistent with the court precedent in the board's decision in Colo Matango or Matangi, courts have readily distinguished or defined lawfully admitted for purposes of 212C removal as being in compliance with substantial legal requirements. That said, the board, in looking at the decision or looking at this particular case. Wait a minute. If you are a... It seemed to me that what the board was thinking is that this person was not yet admitted as a lawful permanent resident. Correct. He was inadmissible. We're beyond that in 96. He was admissible. He was a lawful permanent resident subject to conditions, and the conditions were removed in 96. Okay. Well, his status at the time of 1994 was that he was procedurally admitted as a lawful permanent resident. Aliens like Mr. Gallimore, who are married close to the time they seek adjustment of status. He was procedurally admitted. What's the difference between procedurally admitted and just plain admitted? Procedurally admitted means that he was not required necessarily to have complied with the substantial legal requirements for his status. That means that at the time that Mr. Gallimore applied for adjustment of status under Section 245, the agency looked at the application and realized he had just been married. For petitioners who have just recently been married, they're adjudicated under a separate part of the statute, which is under Section 216. My problem is a timing problem. How could a 1995 conviction make Gallimore inadmissible in 1994? He was inadmissible in 1996. The distinction here in this case is that he was only procedurally admitted as a lawful permanent resident in 1994. BIA didn't decide the issue, right? Right. And it wasn't necessary. But Judge Ambrose is saying if the BIA were to decide or if we were to decide 94 was the actual operative date, then we wouldn't be here, right? It would, but then it would make Section 216 a nullity in the statute. 216 was presented because of the fear of fraud in marriage. Mr. Gallimore, having been married a couple of months before he submitted his application, was required not to seek his adjustment of status through 245A. He was required to seek his status through 216. That said, he was automatically granted lawful permanent resident status subject to complying with the substantive legal requirements for that status at a later time, that time being when they removed the conditions of his status. If you look at the statute, Section 216, under C, under, I think it's 216C3, the attorney general actually makes a determination about the status 90 days prior to the expiration of the conditional status. Again, as I said, the status was granted conditionally subject to the provisions of 216, and the provisions of 216 says that the attorney general reviews the person's application 90 days prior to the expiration of that conditional grant of residence. Well, what was happening, it wasn't what was happening here. The BIA said, you know, there's a question of law that has to be resolved that we can't resolve because it wasn't specifically raised before the IJ. So we're going to look, at least from their perspective, at the easy way out, which is we have a 95 conviction, and the 95 conviction will disqualify him, and that's the basis that they made their ruling. And that is correct. It wasn't necessary to necessarily reach the determination about the willful misrepresentation because he's found inadmissible because of his conviction for a controlled substance violation. What the board has basically said is that. You can't be inadmissible when you're already admitted. Well, that's not true. If you look at. You can be removed if you're already admitted. That's not true. Lawful permanent. Yeah, lawful permanent resident status is not the same thing as being lawfully admitted for the purposes of Section 212C. Lawful admitted status has been distinguished by the courts. So is what you're saying under 216, 216 says, quote, a conditional permanent resident is one who has been lawfully admitted for permanent residence, and you're suggesting that he was not lawfully admitted? Well, lawfully admitted means that he was compliant with the substantial legal requirements at the time of his admission. At the time he was granted the status in 1994, there was not a question about his substantive legal requirements because under 216 they're not required to be compliant until they submit their application for petition for removal of the condition. You've lost me. Was he lawfully. If he was lawfully admitted. It might be easier to understand. Is it your point that he was not lawfully admitted in 94? Okay. He was lawfully admitted on a conditional basis. The operative word is conditional. If you look at the case, it might be a little easier to explain it this way. For purposes of 212C, isn't it an open question whether it's 94 or 96? For 212C, no, it's not an open question. It's based on 96 because that's when he had to comply with the substantial legal requirements. Is there a case that supports what you're saying? Well, okay. If you look at De La Rosa, it's in the Second Circuit, dated 2007. A person can actually be granted lawful permanent resident status but be granted that status unlawfully. That means that although they were granted the status, if you subsequently find at a later time that they weren't eligible for that status at that time. I know that. But I think the issue here is whether LPR with conditions versus LPR without conditions. Which are you going to consider for purposes of 212C? I don't think the BIA has ever dealt with that. But they assumed it was 96, which would be without conditions. There's no distinction in that whole thing. Well, if you – again, aliens who actually are married do not – okay. Let's just say this. If you agree with the premise that they were lawfully admitted for permanent residence and that it was lawful at the time that he applied in 1994, what you've done is you've actually made Section 216 a nullity. What would be the point of having Section 216 if you're already saying at the initial grant of the status, you do not have to demonstrate that you've lawfully qualified for that status? What happens is under 216, you actually aren't demonstrating that you're qualifying for the status until later on. And that's because the status is based on a marriage. You have to give the marriage time to ripen. And as it ripens, a natural reading of the statute would tell you that even though we're granting you this status, as it says under 216A1, it is subject to the remaining provisions in that statute. In that statute, it's subject to the attorney general making a determination about your legal status. But he was still lawfully admitted in 94, right? But it's not the same definition as lawfully admitted for permanent residence under 212C. Under 212C, lawfully admitted is connotated as being in compliant with the substantial legal requirements for the status. Under 216, there is no substantial compliance at the time you apply. You're automatically granted it based on your derivative status as a spouse. So you're saying under the conditional LPR, you can never in that status comply with 212C? No, not never. You're required to comply. But the time of compliance occurs at the time you apply for the removal of the conditions. The natural reading of the statute is you're applying for 245A. But because you're recently married, you don't adjudicate under 245A. You go under this other arm. You have to go a different route to permanent residency. The issue that we're trying to resolve is the distinction between a conditional LPR and LPR. Correct. And if I'm understanding you correctly, one distinction is that as a conditional LPR, when you're in that status, you cannot comply with the requirements of 212C. Is that correct? They haven't determined whether you've complied with your status. It's automatically granted because of your derivative status as a wife. Under 245, because you're married to a lawful permanent resident, they say, okay, we're going to grant you lawful permanent resident status. But in so and so period of time, we're going to expect you to comply with that status. That requirement occurs 90 days prior to the expiration of the two years that occur once you've been granted the status as permanent resident. It is subject to demonstrating to the Attorney General that the information that you placed in your application was true and factual. At the time that he requested the removal of the conditions on his application, the fact of the matter was he had been convicted of a controlled substance violation. Again, under 212C, lawfully admitted for permanent residence is based on your compliance with a substantial legal requirement. You're not substantially legally compliant at the time that you're granted the conditional status until you've met the condition. So you're telling us that the argument that the appellant's making with regard to the arrest and the willful misrepresentation is irrelevant. It's irrelevant because he's been found inadmissible on a different ground at the time he was required to be compliant with legal requirements for his status. So even if under your perspective we misunderstand what's going on and we remand to the BIA, who then sends it down to the IJ to resolve this arrest issue, that would all be a red herring from your perspective. That is correct. Because that never needs to be resolved. It would be futile. Because basically what you would find is if you do remand it to the board, the board's going to look at the arrest. They're going to find, based on the facts in the case, that he did know that he was arrested. He could say that he didn't. You can't have four days of incarceration and testify to having been fingerprinted and being Mirandized and say that you haven't been arrested. He was arrested. He was aware he was arrested. But even that aside, courts have not based lawful admittance on whether or not there was fraud or mistake. Lawful admittance is based on the substantial, him complying with the substantial legal requirements for the status. It's not based on whether it's a mistake or not. That's why the case of De La Rosa is easy to kind of understand because she was a person that actually applied for status. Was De La Rosa cited in your brief? De La Rosa is cited in the board's decision. The board decision looked to De La Rosa. De La Rosa actually applied for, under an amnesty program. It was later determined she was granted lawful permanent resident status. She was later held to not have been lawfully admitted for purposes of 212C because at the time that she had received her lawful permanent resident status, she was not legally compliant. That is, she had not arrived in the United States until 1987. In order for her to qualify for relief, she had to be here in 1982. Is it your argument that Mr. Gallimore was not lawfully admitted as a permanent resident until 1996? Is that correct? Okay. That's what you say on page 22 of your brief. Yes. Okay. He's not lawfully admitted until 1996. Lawfully meaning he was supposed to be. And you're suggesting, I think, on page 22 of your brief, that we should give some Chevron deference to this conclusion that he would not have been lawfully admitted until 1996. Is that correct? Well, I think both Chevron is appropriate as well as the plain meaning of the statute. I mean, if you generally look at it. But Chevron, how can we give Chevron deference to a BIA decision that didn't even reach that conclusion? It didn't even acknowledge that Gallimore had been admitted as a conditional permanent resident in 94. There's no analysis whatsoever. It's just a sentence of a conclusion. Well, he was determined to be inadmissible and ineligible for relief, which is the standard for being lawfully admitted in the United States. It's not based on mistake, willful misrepresentation. None of that has any bearing on whether or not you're lawfully admitted. Lawfully admitted simply means that at the time that you're admitted that you are in compliance with the laws. Under 245A, he has to be admissible. Now, you can argue that he was admissible at the time of 1994, but we submit that he was not lawfully admitted for purposes of 212C. Yes, lawfully admitted as a permanent resident under Section 216, but that does not connote that he was lawfully admitted. We may agree with what you're saying, but shouldn't the BIA be passing on this in the first instance, like explicitly? Right, but they didn't touch it. Well, I do agree that the board should have said it. We wouldn't be here today if they had actually did both. Got it. But the fact of the matter is that courts and agencies aren't required to necessarily discuss findings that aren't necessary to their decisions. I mean, it wasn't necessary for him to find that because, like I said, on a natural, plain reading of the statute, Mr. Gallimore's compliance with the legal requirements for his status was required at the time he went to remove his conditions and not at the time he submitted his application under 245. You know, in the end, I'm not saying you may not win. The only issue we have, is he eligible for consideration under 212C? We're not saying how that will ultimately come out. You may very well win. The question here is, it seems that he is eligible by virtue of having been made a lawful permanent resident, with conditions or without, in 1994. Under, there's a 212A6CI. It was not raised before the court. It's not an issue before this bench. But I raise that issue now to let you know that if the case did go back, presumably he would be considered inadmissible, even under 212A6CI, because of his arrest, the government already knows that he may be excludable for relief because they know of his trafficking offense. And it doesn't require conviction for the offense.  My judge, Chigares' question, isn't what your argument that you're making, isn't that something that needs to be decided by the BIA in the first instance? No, because I think this court can read that same determination from a plain reading of the statute. Again, like I said, there wouldn't be any basis for having Section 216 if he could automatically have the same type of lawful permanent resident status you're suggesting by stating that, you know, the removal of conditions is not significant. I mean, that status was based on them having to submit the petition. Failure to submit that petition requires that his status terminates anyway. So that status is temporary. It only lasts two years. That's it. There's nothing beyond two years. You're asking us to conclude that he was not lawfully admitted in 1994 because he lied for purposes of 212C eligibility because he lied in that 1994 application about a 1993 arrest. Well, I'm saying it would be futile to send it back for that reason. But what I'm saying is, closely to what you're saying, he has not been lawfully admitted because he's not in compliance. He's inadmissible, and inadmissibility was determined at the time of the removal of the conditions on his application. I just had one other thing. I mentioned to your adversary, this wasn't raised by anybody, but, I mean, when the BIA comes up with some new analysis, you know, legal or a new factual finding that was, you know, caught you by surprise, like maybe this case did, should your adversary be required to file a motion for reconsideration so the BIA can decide it in the first instance? That would have been reasonable at the time. Right, but should we require it? No, it's not required. I mean. We don't have a rule about that, but, I mean, in order to give us a clean record that we can decide on, I mean. His failure to make a decision on a willful misrepresentation absolutely doesn't have any bearing on the fact that he's still considered lawfully, not lawfully admitted. Lawfully admitted by the courts, as well as the board, has been defined by substantial legal requirements. When he filed for his status, and he was granted it, there was no requirements. He was actually removed from Section 245, which required admissibility at that time to prove his admissibility at a later date because of a marriage that happened so close to the time he was admitted. All we're saying is that, timing-wise, he was not required to show that he was in compliance with the law until 1996, at which time he had already said he was convicted for a crime, which made him inadmissible regardless of whether or not he had been admitted to the arrest or not. Okay. Thank you very much. Thank you. Judge Hicks. Mr. Brashen. Thank you. I just have a couple of points. The order of removal by the BIA was final, so petition for review could have been filed within 30 days after the final order of removal. We're not required to file a motion for the BIA to reconsider its decision because that order is final, even while that motion to reconsider is pending. And the person, the alien, can be removed during the pendency of a motion to reconsider. So there would be no recourse for the alien for a review of the BIA's decision either by itself or by the Third Circuit because the deadlines would be missed, so on and so forth. So that's just to answer your question because you brought it up. It's my understanding that it's pretty clear that Mr. Gallimore was admitted as a lawful permanent resident in 1994. That's the date that is charged on the notice to appear. The 1996 date first came up in the decision of the BIA. If, in fact, this court finds that he was lawfully admitted in 1996, then the Department of Homeland Security would have been precluded from initiating removal proceedings under this court's precedent because there is a five-year statute of limitations. That was not briefed in the BIA brief because that was not an issue before the BIA. The immigration judge did not make the determination that Mr. Gallimore was admitted in 1996. You made a determination that he was admitted in 1994. So that's the argument for why it wasn't briefed? I'm sorry? That's the argument for why it wasn't briefed, the five-year statute of limitations? Well, it is because how could we – it never – the 1996 date is new as of the decision of the BIA. The – it was admitted that it was – the respondent, Mr. Gallimore, was charged with having been removable for being inadmissible because of the fraud and the willful misrepresentation. But even – And also – and being removable, period, for the drug trafficking offense. So there is no – if you look at the charges, only – the charge of inadmissibility only goes towards the willful misrepresentation of the material fact. It doesn't go – Right, but the statute of limitations, I mean, the point you're making there is they didn't have to make it, but it would appear that 246A, which is the five-year statute of limitations, would not be applicable because he was a – had a controlled substance offense and an aggravated felony offense, correct? It wouldn't be applicable because he was deportable based on those offenses since he had been admitted in 1994, not in 1996. But if he was admitted in 1996, then it would be applicable. As to the other ones? Because there would be a – there's a statute of limitations according to this Court's precedent in when the government can begin rescission proceedings, and that's what that would be, a rescission proceeding, because he would have been admitted after the fact of the conviction. And the proceedings started in 2006. That's when they were initiated. But for an aggravated felony or a controlled substance offense, is there a statute of limitations? I would – I would – I thought there wasn't. I would argue that there is under the circumstances that I just posed, but I'm – I'm giving you the reverse. Under IRA, your position is that there's a five-year statute of limitations? There would be – Against aggravated felonies? If the alien was admitted as a lawful permanent resident despite the convictions and the government doesn't move to rescind the convictions – that doesn't move to rescind the green card within the five years by placing the person in removal proceedings or – in removal proceedings, then I think the five-year statute of limitations applies. I don't think the five-year statute applies to aggravated felonies or controlled substance offenses. Okay. Well, yeah. Let me ask you this question. Your adversary raised the following prospect, principally that this 1993 arrest issue is a red herring because there is, in fact, a distinction between a conditional LPR and an LPR and that regardless of what the resolution of the arrest issue is, that the determination with regard to the 1995 conviction as it relates to the LPR would stand anyway. So what is it that we need to resolve if that's so? What the BIA needs to resolve through a legal analysis is when was Mr. Gallimore admitted as a lawful permanent resident. I think the law is pretty clear that a person is admitted as a lawful permanent resident under Section 245 on a – can only be admitted as a lawful permanent resident once, even if it's on a conditional basis, and that the petition to remove the conditional basis of the lawful permanent resident is not readmission. It's just that. It's a petition to remove the conditions. And what the Citizenship and Immigration Services and the courts look at with that type of case where a petition to remove the conditions of the permanent residence is whether – really doesn't go towards admissibility. It goes towards the bona fides of the marriage. So it's not a readmission. It's just a petition to remove the conditions. I think it's – So there is a distinction. Yeah, there is a distinction. There is – and actually, the board recently published a case. It hasn't – if I could – and it does talk about adjustment of status and admission, and I think it's pretty clear and set law that you can't get readmitted – you can't be admitted twice. You're admitted once as a lawful permanent resident. The removal of the conditions is not readmission. Thank you very much. Thank you. Thank you to both counsel for helpful arguments. We'll take the matter under advisement.